IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-cv-20563-JEM

JULIO RAUL SANDOVAL ROMERO,
DIANA CAROLINA SUAREZ MADOLET,
and all others similarly situated under 29
U.S.C. § 216(b),

    Plaintiffs,
        vs.

VANDE CORP. d/b/a LATIN AMERICAN
RESTAURANT and PASQUALE RENZI,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF THE PARTIES' SETTLEMENT AGREEMENT, STIPULATED DISMISSAL WITH PREJUDICE, AND FOR THE COURT TO RETAIN JURISDICTION**

    Plaintiffs, JULIO RAUL SANDOVAL ROMERO AND DIANA CAROLINA SUAREZ MADOLET (hereinafter referred to as "Plaintiffs"), and Defendants, VANDE CORP. d/b/a LATIN AMERICAN RESTAURANT and PASQUALE RENZI (hereinafter referred to as "Defendants"), (collectively referred to hereinafter as the "Parties"), by and through their respective undersigned counsel, file this Joint Motion for Approval of the Parties' Settlement Agreement, Stipulated Dismissal with Prejudice, and for the Court to Retain Jurisdiction, and respectfully state as follows:

    In the Eleventh Circuit, in order to ensure that the defendant is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

A bona fide dispute exists between Plaintiffs and Defendants in this case regarding the unpaid overtime wages and/or unpaid minimum wages due to the Plaintiffs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. 201-216 and the alleged damages associated with same. The Parties agree the instant action involves disputed issues. Specifically, there are issues as to whether Plaintiff Romero was exempt from the overtime provisions of the FLSA, whether he was properly compensated for overtime hours under the FLSA, and how many uncompensated (if any) overtime hours Plaintiff Romero worked. Defendants dispute Plaintiffs' claims asserting, *inter alia*, that Plaintiff Romero was an exempt employee and, even if Plaintiff Romero were to prove a violation of the FLSA, he did not work the number of overtime hours he has claimed in this action and would not be entitled to recover liquidated damages.

The Parties have reached a settlement in this case, despite their factual and legal disputes, believing that settlement promotes efficiency and brings a reasonable and fair result to this litigation. The settlement reached by the Parties avoids the risks and additional expenses associated with continued litigation of this matter, including jury trial and any and all post trial matters (i.e. appeal, etc.). A mutual general release of all claims was specifically bargained for during the settlement process, which provided an additional benefit to the Parties apart from the settlement of alleged overtime wages and liquidated damages associated with same.

Counsel has zealously represented their clients' respective interests and have negotiated a settlement that is acceptable to Plaintiffs and Defendants. All parties are represented by

experienced counsel in this action. The Plaintiffs' and their respective counsel agree and stipulate that the settlement to Plaintiffs' represents a fair, reasonable and arms length compromise of their claims. There was no undue influence, overreaching, collusion or intimidation in reaching the parties' settlement. Attached hereto as Exhibit A is the parties settlement agreement.

As a condition for dismissal, the parties agree to dismissal of this action on the condition that the Court retains jurisdiction to enforce the terms of the Settlement Agreement. *See, Anago Franchising, Inc. v. Shaz*, LLC, 677 F.3d 1272, 1280 (11th Cir. 2012).

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the Settlement Agreement; (2) dismissing this action with prejudice pursuant to the Parties' stipulated settlement and dismissal; (3) retaining jurisdiction over enforcement of the settlement; and (4) denying as moot all pending motions.

Respectfully submitted on this 2nd day of June 2022,

| **JH. ZIDELL, P. A.** | Allen, Norton & Blue, P.A. |
|---|---|
| 300-71st St., Suite 605 | 121 Majorca Avenue, Suite 300 |
| Miami Beach, Florida 33141 | Coral Gables, FL 33134 |
| Telephone (305) 865-6766 | Tel: (305) 445-7801 |
| Facsimile (305) 865-7167 | Fax: (305) 442-1578 |
| E-mail: Zabogado@aol.com | Email: snorton@anblaw.com |
| By: /*s/JH Zidell* | By: /s/ *Susan Potter Norton* |
| J.H. Zidell, Esq. | Susan Potter Norton, Esq. |
| Florida Bar No. 0010121 | Florida Bar No. 0201847 |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |